**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank, National Association,
Respondent,

v.

Brian Adrian Tucker, Jessica C. Tucker, and Half Mile Lake Homeowner's Association, Inc., Defendants,

Of whom Brian Adrian Tucker and Jessica C. Tucker are the Appellants.

Appellate Case No. 2012-212447

———————

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

———————

Unpublished Opinion No. 2013-UP-292
Heard May 16, 2013 – Filed June 26, 2013
Withdrawn, Substituted and Refiled August 28, 2013

———————

**AFFIRMED**

———————

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, and David Lloyd Thomas, of Moore, Taylor, & Thomas, PA, of Greenville, for Appellants.

James Derrick Jackson and Tobias Gavin Ward, Jr., of Tobias G. Ward, Jr., PA, Ronald C. Scott, Erica Greer Lybrand, and Priti Marolia Patel, of Scott Law Firm, PA, and Hamilton Osborne, Jr., of Haynsworth Sinkler Boyd, PA, all of Columbia, for Respondent.

---

**PER CURIAM:** In this mortgage foreclosure action, Brian Adrian Tucker and Jessica C. Tucker appeal the trial court's order denying their motion for relief from judgment pursuant to Rule 60(b), SCRCP, and ejecting them from the property. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      Relief from judgment: *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) (noting "[t]he decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge" and "[t]he trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion"); *In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997) (stating an abuse of discretion occurs when the judgment is controlled by some error of law or when the order is without evidentiary support); *Regions Bank v. Strawn*, 399 S.C. 530, 537, 732 S.E.2d 230, 234 (Ct. App. 2012) ("Questions regarding credibility and the weight of the evidence are exclusively for the trial court.").

2.      Foreclosure intervention: Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal."); *Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (stating the appellant has the burden of providing an adequate record on appeal).

3.      Ejectment: Because we affirm the trial court's denial of the Tucker's request for relief from the foreclosure and the Tuckers no longer have any interest in the property, we find the issue of ejectment is moot. *See Ex parte Doe*, 393 S.C. 147, 151, 711 S.E.2d 892, 894 (2011) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court.").

**AFFIRMED.**

**HUFF and KONDUROS, JJ., and CURETON, A.J., concur.**